Dan Stormer, Esq. [S.B. #101967]
Hanna Chandoo, Esq. [S.B. #306973]
Bina Ahmad, Esq. [S.B. #329387]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Email: dstormer@hadsellstormer.com
        hchandoo@hadsellstormer.com
        bahmad@hadsellstormer.com

Attorneys for *Amicus Curiae*
A JEWISH VOICE FOR PEACE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ANDREA PRICHETT, JONAH OLSON, DUNIA HASSAN, KAUSER ADENWALA, LA EDUCATORS FOR JUSTICE IN PALESTINE, ABDULRAHMAN JARRAR on behalf of his minor child, J.J., LINDA KHOURY-UMILI, on behalf of her minor children, Y.U. and L.U., and ALICE FINEN, on behalf of her minor child, G.F.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, Governor of the State of California, in his official capacity, ROB BONTA, Attorney General of California, in his official capacity, and TONY THURMOND, California Superintendent of Public Education, in his Official Capacity,<br><br>Defendants. | Case No.: 5:25-cv-09443-NW-NMC<br><br>[Assigned to the Honorable District Judge Noël Wise – Courtroom 3]<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* JEWISH PUBLIC AFFAIRS COMMITTEE OF CALIFORNIA IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:　　　　December 17, 2025<br>Time:　　　　9:00 A.M.<br>Courtroom:　　3<br><br>Action Filed: November 2, 2025 |

MTN FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* ISO PLTFS' MTN FOR PRELIM INJ

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE, that on December 17, 2025, or as soon thereafter as the matter may be heard before the Honorable Noël Wise in Courtroom 3 of the U.S. District Court for the  Northern District of California, San Jose Division, Proposed *Amicus Curiae* A Jewish Voice for Peace ("JVP") pursuant to Civil Local Rule 7-2, hereby moves for leave to file the attached amicus brief in support of Andrea Prichett, Jonah Olson, Dunia Hassan, Kauser Adenwala, LA Educators for Justice in Palestine, Abdulrahman Jarrar On Behalf Of His Minor Child, J.J., Linda Khoury-Umili, On Behalf Of Her Minor Children, Y.U. And L.U., and Alice Finen, On Behalf Of Her Minor Child, G.F., ("Plaintiffs") Plaintiffs' motion for preliminary injunction (ECF No. 15) currently set for hearing on December 17, 2025. This Motion is based upon the Notice of Motion, the Motion, Memorandum of Points and Authorities submitted with the Motion, the proposed brief of amicus curiae attached hereto, the declaration of Stefanie Fox, and any further evidence and argument that the Court may receive at or before the hearing.

The Court should grant leave to file this brief because JVP has a substantial interest in the case and will provide important context to assist the Court in resolving the issues raised by Plaintiffs' motion for preliminary injunction (ECF No. 15).

WHEREFORE, because JVP has a substantial interest in this case and the motion for preliminary injunction is currently set to be heard on December 17, 2025, JVP moves for the Court to either grant this motion on the papers without a hearing or hear this motion on December 17, 2025.

Dated: December 10, 2025

Respectfully Submitted,

HADSELL STORMER RENICK & DAI LLP

By:   /s/-Bina Ahmad
Bina Ahmad
Dan Stormer
Hanna Chandoo
Attorneys for *Amicus Curiae*
A JEWISH VOICE FOR PEACE

MTN FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* ISO PLTFS' MTN FOR PRELIM INJ

-1-

## I.      INTRODUCTION

Pursuant to Local Rule 7-11, A Jewish Voice for Peace ("JVP") respectfully moves for leave to file an *amicus curiae* brief in support of Plaintiffs' Motion for Preliminary Injunction. Doc. 15. A copy of JVP's proposed *amicus curiae* brief is attached as Exhibit 1 to this motion. JVP provided all parties with notice about its intention to file this motion for leave and proposed *amicus curiae* brief, and no party opposes JVP's filing this motion and brief.

## II.      IDENTITY AND INTEREST OF AMICUS CURIAE

JVP is one of the largest progressive Jewish organizations in the world. Made up of 720,000 members and supporters with chapters in nearly every state, JVP represents an important, sizeable and vocal minority Jewish viewpoint. JVP has worked for over 25 years to mobilize Jewish communities to advocate for a just society in Palestine and Israel rooted in human rights rather than oppression, equality rather than supremacy, dignity rather than domination, democracy rather than dispossession. JVP's proposed brief is necessary, relevant and important in this case because the Zionist movement and Israel purport to speak for and act on behalf of all Jews. As antizionist Jews who criticize Israel's policies, JVP has a unique perspective and specific experience that can assist the Court beyond what the parties can provide.

## III.      THE COURT SHOULD GRANT THE MOTION FOR LEAVE TO FILE THE PROPOSED AMICUS CURIAE BRIEF

Amicus JVP will be irreparably prejudiced and harmed should the Court rule on Plaintiffs' motion without hearing JVP's unique perspective. *Mission Power Eng'g Co. v. Cont'l Cas. Co.,* 883 F. Supp. 488 (C.D. Cal. 1995). JVP's Jewish members, including teacher and student members across California, believe it is their religious obligation to oppose Israel's policies and Zionism. Defendants' forcing the redefinition of antisemitism to include antizionism forces the state to step into an internal religious debate and declare that supporting Israel is a mandatory part of the Jewish faith.

*Amicus curiae* assist in cases "of general public interest" by "supplementing the efforts of counsel, and drawing the court's attention to law that might otherwise escape consideration." *Funbus Systems, Inc. v. California Public Utilities Com.*, 801 F.2d 1120, 1125 (9th Cir. 1986). District courts have "broad discretion to appoint *amici curaie*." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th 1982).

District courts welcome nonparty amicus briefs on legal issues that may have ramifications beyond the parties to the case, or where the amicus offers unique information or perspective. *Sonoma Falls Developers, LLC v. Nev. Gold & Casinos*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (internal quotes omitted). "The touchstone is whether the amicus is helpful." *United States v. State Water Res. Control Bd.*, 2020 WL 9144006, at 3 (E.D. Cal. 2020).

While no "standard, rule, or statute" governs amicus participation in district court, courts in this Circuit generally consider motions for leave to file an amicus brief under Federal Rule of Appellate Procedure 29. *See Stoyas v. Toshiba Corp.*, 2021 WL 2315200, at *2 (C.D. Cal. June 7, 2021). Under Rule 29(a), "amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing." Fed. R. App. Proc. 29(a). To seek leave, amicus must file an accompanying motion for leave to file the brief, stating (1) "the movant's interest," and (2) "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. Proc. 29(b). There is no deadline in Northern District for a motion seeking leave to file an amicus curiae brief.

Here, JVP's proposed brief is informed by their unique insights and beliefs as antizionist Jews, a perspective not yet heard in this case, and this perspective will assist the Court's decision-making process. As one of the largest progressive Jewish organizations in the world, JVP has a significant interest in this case as its rulings could impact all Jews, particularly those Jews who do not believe supporting Israel is a mandatory aspect of the Jewish faith. Currently, Defendants force the state and its schools to define what it is to be a Jew, what is antisemitism, involve themselves in internal Jewish religious affairs, and discriminate against JVP's minority view in Judaism. JVP's *amicus brief* thus assists the Court on a topic "of general public interest" by "supplementing the efforts of counsel, and drawing the court's attention to law that might otherwise escape consideration." *Funbus Systems, Inc.*, 801 F.2d at 1125. No party, including other *amici*, represent the antizionist Jewish perspective in this case.

JVP has grave concerns that the Court will accept Defendants' and other *amici's* position that criticizing Israel and opposing Zionism are antisemitic. JVP is further concerned this Court will deny Plaintiffs' Motion for Preliminary Injunction and permit enforcement of AB 715 and its redefinition of

antisemitism to include antizionism or criticizing Israel. Should this Court accept Defendants' position and permit AB 715's enforcement, the Court and state would be redefining the Jewish faith, who is a Jew and what Jews must believe. This would force Jews to adopt Zionism as part of their religious beliefs and prohibit criticizing Israel as a foundational Jewish religious principle. Such a ruling would equate criticism of a political ideology and nation-state with hatred towards a religious group. This would render antizionist Jews such as those in JVP as not being Jews at all and dilute the protected classes that decades of precedent and lawmaking have defined.

### IV.   CONCLUSION

For the foregoing reasons, JVP respectfully requests that the Court grant this motion for leave to file the proposed *amicus curiae* brief attached as Exhibit 1.

Dated: December 10, 2025                    Respectfully Submitted,

HADSELL STORMER RENICK & DAI LLP

By:   /s/-Bina Ahmad
      Bina Ahmad
      Dan Stormer
      Hanna Chandoo
      Attorneys for *Amicus Curiae*
      A JEWISH VOICE FOR PEACE