UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA PRICHETT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROB BONTA, et al., <br><br> Defendants. | Case No. 25-cv-09443-NW <br><br> **NOTICE OF QUESTIONS FOR DECEMBER 17, 2025 HEARING** <br><br> Re: ECF No. 32 |

Please take notice of the following questions to be addressed at the hearing scheduled on December 17, 2025, at 9:00 a.m. The parties should not reargue matters addressed in their briefs and shall not file written responses to this Notice of Questions. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to file a notice listing those authorities, with pin cites and without argument, by no later than 4:00 p.m. on Tuesday, December 16, 2025.

**I.   QUESTIONS FOR BOTH PARTIES**

1. **Under current First Amendment jurisprudence, do public school teachers have a right to free speech when they are teaching? If the Court finds that public school teachers do not have such a right, are Teacher Plaintiffs likewise unable to allege that AB 715 is overbroad?**

2. An injury in fact is "an invasion of a legally protected interest." *Lujan*, 504 U.S. at 560. This legal right may be "one of property, one arising out of contract, one protected against tortious invasion, or one founded on a statute which confers a privilege." *Shulman v. Kaplan*, 58 F.4th 404, 408 (9th Cir. 2023) (quoting *Tenn. Elec. Power Co. v. Tenn. Val. Auth.*, 306 U.S. 118, 137 (1939), *overruled in part on other grounds by Bond v. United States*, 564 U.S. 211, 216, 220

(2011)).  **If the Court finds that Teacher Plaintiffs do not have a First Amendment right to free speech when teaching in their classrooms, do they allege some other legally protected interest that has been invaded?  If yes, what legal interest(s)? What specific authority (*e.g.*, constitutional amendment, statute, etc.) provides that protection?**

3. **What must Teacher Plaintiffs allege to demonstrate standing in a "void for vagueness" challenge if the Court finds that Plaintiffs cannot allege a free speech violation?** Consider *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n.7 (1982) ("[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand. One to whose conduct a statue clearly applies may not successfully challenge it for vagueness."); *Khalil v. Trump*, 786 F. Supp. 3d 871, 877 n.7 (D.N.J. 2025) ("[A] chilling effect on speech can count as an irreparable harm even where the underlying legal violation is not *itself* a First Amendment violation.") (collecting cases).

4. AB 715 does not define Antisemitism, but it provides that "[t]he United States National Strategy to Counter Antisemitism, published by the Biden Administration on May 25, 2023, shall be a basis to inform the Antisemitism Prevention Coordinator on how to identify, respond to, prevent, and counter antisemitism." § 33603.1(c).  In turn, that document explains that "the United States has embraced" the "non-legally binding 'working definition' of antisemitism adopted in 2016 by the 31-member states of the International Holocaust Remembrance Alliance (IHRA)."  Strategy at 13. The IHRA's "working definition" states that "Antisemitism is a certain perception of Jews, which may be expressed as hatred toward Jews. Rhetorical and physical manifestations of antisemitism are directed toward Jewish or non-Jewish individuals and/or their property, toward Jewish community institutions and religious facilities." Among eleven examples of antisemitism provided under the definition is the following: "Denying the Jewish people their right to self-determination, *e.g.*, by claiming that the existence of a State of Israel is a racist endeavor."  The Court understands that many people, Jewish people among them (as evidenced by the diverse *amici* in this case), do not subscribe to this theory of antisemitism. **Irrespective of the definition's accuracy, is the definition vague? Is the law's**

attenuated connection to the IHRA definition ("a basis to inform") render it vague?

## II. QUESTIONS FOR PLAINTIFFS

1. **What legally protected interest do Student Plaintiffs have that gives rise to an injury in fact?** *See, e.g., Walls v. Sanders*, 144 F.4th 995, 1003 (8th Cir. 2025) ("Just as ordinary citizens cannot require the government to express a certain viewpoint or maintain a prior message, students cannot oblige the government to maintain a particular curriculum or offer certain materials in that curriculum based on the Free Speech Clause.")

2. Plaintiffs allege that AB 715 will restrain their speech in their classrooms. **Do Plaintiffs argue that AB 715 compels them to say certain things?**

3. **Are Plaintiffs making both a facial and an as-applied challenge?**

4. AB 715 has 11 sections, most of which amend previous statutes or create new statutes. **Is it Plaintiffs' position that every section of the entirety of AB 715 is unconstitutional? If yes, on what grounds and under what authority is each section unconstitutional? If no, which specific sections (or subsections) are, in Plaintiffs' estimation, unconstitutional?**

## III. QUESTION FOR DEFENDANT

1. "[C]ourts presume that[,] by passing a new statute[,] Congress ordinarily does not intend to displace laws already in effect." *United States v. Novak*, 476 F.3d 1041, 1052 (9th Cir. 2007); *see also Kaup v. W. Cas. & Sur. Co.*, 432 F. Supp. 922, 925 (D. Mont. 1977) ("There is a presumption that by enacting a statute a legislature intends to effect some change in existing law."). Defendants do not contest that California already has a comprehensive antidiscrimination law at § 220. **In light of the reasoning provided in *Novak*, what is the purpose of AB 715 if not to alter the state's enforcement of § 220?**

IT IS SO ORDERED.

Dated: December 15, 2025

Noël Wise
United States District Judge