ROB BONTA
Attorney General of California
DARRELL W. SPENCE (SBN: 248011)
Supervising Deputy Attorney General
ANDREW Z. EDELSTEIN (SBN: 218023)
KATHERINE BRUCK (SBN: 342536)
Deputy Attorneys General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6307
Fax: (916) 731-2125
E-mail: Andrew.Edelstein@doj.ca.gov
Katherine.Bruck@doj.ca.gov
*Attorneys for Superintendent of Public Instruction
Tony Thurmond, in his official capacity*

JENIN YOUNES (PRO HAC VICE)
DEYAR JAMIL (PRO HAC VICE)
American-Arab Anti-Discrimination Committee
910 17th Street Northwest, Suite 1000
Washington, DC 20006
Telephone: (202) 244-2990
Email: jyounes@adc.org

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANDREA PRICHETT; JONAH OLSON; DUNIA HASSAN; KAUSER ADENWALA; LA EDUCATORS FOR JUSTICE IN PALESTINE; ABDULRAHMAN JARRAR, on behalf of his minor child, J.J.; LINDA KHOURY-UMILI, on behalf of her minor children, Y.U. and L.U.; ALICE FINEN, on behalf of her minor child, G.F.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, Governor of the State of California, in his official capacity; et al.,**<br><br>Defendants. | No. 5:25-cv-09443-NW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><br>Date:        January 27, 2026<br>Time:        9:00 a.m.<br>Courtroom:  3<br>Judge:       The Honorable Nöel Wise<br>Trial Date:  Not Set<br>Action Filed: November 2, 2025 |

Plaintiffs and Defendant Tony Thurmond, the State Superintendent of Public Instruction, sued in his official capacity as head of the California Department of Education (CDE) jointly submit this Case Management Statement and Proposed Order pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California.

## I.    JURISDICTION AND SERVICE

### A.    Plaintiffs' Position

Plaintiffs brought this action under 28 U.S.C. § 133 and 42 U.S.C. § 1983. All parties have been served. There are no issues concerning personal jurisdiction, venue, or service. The Court has subject matter jurisdiction over Plaintiffs' claims. The Court's determination on Plaintiffs' preliminary injunction motion is not dispositive of subject matter jurisdiction for purposes of the lawsuit itself, because the standards for both ripeness and standing differ at the emergency motions stage versus the motions to dismiss and summary judgment phases, and because facts are continuing to develop. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (explaining that requirements for showing standing at the pleadings stage are more relaxed than at the summary judgment phase).

### B.    CDE's Position

The Court lacks jurisdiction because the Teacher Plaintiffs' claims are not ripe and the Student Plaintiffs lack standing. *See* ECF No. 72 at 11 ("the Court is without the requisite jurisdiction"); *id.* at 19 ("Student Plaintiffs lack standing to bring suit"); *id.* at 21 ("the Court is without jurisdiction").

## II.    FACTS

### A.    Plaintiffs' Statement

On November 2, 2025, Plaintiffs—California teachers and students—filed a Complaint alleging that California's Assembly Bill 715 ("AB 715") was unconstitutionally vague under the Fourteenth Amendment's Due Process Clause and overbroad and viewpoint discriminatory under the First Amendment. *See* ECF No. 1. Plaintiffs contend that AB 715, though it purports to strengthen antidiscrimination protections for Jewish students, ultimately has the intent and effect of chilling speech about Israel and Palestine in public schools because it is unconstitutionally

1

1  vague, violating Teacher Plaintiffs' Fourteenth Amendment Due Process rights. At the same time,

2  Plaintiffs argue that the new law imposes First Amendment violative restrictions by requiring

3  school districts to use the United States' National Strategy to Combat Antisemitism in

4  identifying, countering, and responding to alleged antisemitism. Because the National Strategy

5  conflates criticism of Israel and Zionism with antisemitism and appears to rely (at least to an

6  extent) on the controversial International Holocaust Remembrance Alliance's (IHRA) definition

7  of antisemitism, the law leaves those subject to it with the distinct impression that they can and

8  will be punished for speech that is critical of Israel and Zionism, including speech that is factually

9  accurate and serves important pedagogical interests.  Thus, the law is viewpoint discriminatory

10  because it favors one viewpoint at the expense of another, and overbroad because it goes beyond

11  its ostensible mandate of protecting Jewish students from unlawful discrimination and opens the

12  door to punishing what should be constitutionally protected speech. Teacher Plaintiffs allege that

13  violates their First Amendment free speech rights, and Student Plaintiffs allege that deprives them

14  of their First Amendment rights to receive information.

15  **B.  CDE's Position**

16  CDE contends that Plaintiffs' claims are not ripe, Plaintiffs lack standing, AB 715

17  complies with the First and Fourteenth Amendments, and to the extent Plaintiffs challenge

18  Education Code Section 33803.1(c)'s provision that the US National Strategy shall be a basis for

19  the Anti Semitism Coordinator's work, that section does not involve CDE.

20  **III.    LEGAL ISSUES**

21  **A.  The primary issues arising from Plaintiffs' Complaint.**

22  • Whether AB 715 is unconstitutionally vague, in violation of Plaintiff Teachers' Fourteenth

23      Amendment Due Process rights.

24  • Whether AB 715 is viewpoint discriminatory and overbroad in violation of Teacher

25      Plaintiffs' First Amendment free speech rights.

26  • Whether AB 715 is viewpoint discriminatory and overbroad in violation of Student

27      Plaintiffs' First Amendment free speech rights.

28  • Whether Plaintiffs' claims are ripe.

2

1      • Whether Plaintiffs have standing.

2   **IV.    MOTIONS**

3        **A.  Prior Motions**

4        Plaintiffs moved for a preliminary injunction on November 7, 2025.  *See* ECF No. 15.

5   Defendants filed their opposition to the motion on December 1, 2025 (ECF No. 35), and Plaintiffs

6   filed their reply on December 8, 2025 (ECF No. 43).  Four amicus briefs were filed in support of

7   Plaintiffs (ECF Nos. 47, 50, 51, 54), and four in support of Defendants (ECF Nos. 34, 37, 38, 59).

8   This Court held a hearing on the preliminary injunction motion on December 17, 2025.  On

9   December 31, 2025, the Court issued its decision denying Plaintiffs' motion for preliminary

10  injunction.  (ECF No. 72).  The Court determined that Teacher Plaintiffs had standing to bring

11  their claims, but that those claims were not ripe yet and they were not likely to succeed on the

12  merits.  *Id.* at 9–19.  While the Student Plaintiffs articulated a valid First Amendment interest—

13  the right to receive information—the Court did "not reach the merits of Student Plaintiffs'

14  claims" because it held that they failed to demonstrate adequate and imminent injury to establish

15  standing at that time.  *Id.* at 19–21.

16       The Court also dismissed Defendants Governor Gavin Newsom and Attorney General

17  Robert Bonta from the lawsuit on sovereign immunity grounds.  *Id.* at 21–22.

18       **B.  Anticipated Motions**

19       Plaintiffs do not anticipate bringing any motions at this time, although they reserve the

20  right to do so in the future.

21       CDE anticipates bringing a motion to dismiss.  The parties stipulated, subject to the

22  approval of the Court, that CDE has until January 30, 2026, to file that motion.

23  **V.    AMENDMENT OF PLEADINGS**

24       Plaintiffs may amend their Complaint if discovery and events subsequent to the initial

25  filing warrant it.  Plaintiffs also reserve the right to move for leave to amend their Complaint in

26  the future and CDE reserves its right to oppose any motion for leave to amend.

27  **VI.    EVIDENCE PRESERVATION**

28       The parties certify that they have reviewed the Guidelines Relating to the Discovery of

3

1   Electronically Stored Information (ESI Guidelines).  The parties acknowledge their duty to

2   preserve relevant materials in accordance with applicable rules and case law.

3   **VII.    INITIAL DISCLOSURES**

4           The parties agree that Initial Disclosures should not be served until there is an answer on

5   file and agree to do so within ten days of that date.

6   **VIII.   DISCOVERY**

7           **A.    Plaintiffs' Position**

8           Plaintiffs seek limited discovery to establish jurisdiction at this stage.  *See Doe v. Nassar*,

9   8:18-cv-01117, 2018 U.S. Dist. LEXIS 227193 *11 (C.D. Ca. Aug. 2, 2018) (quoting *Laub v.*

10  *United States DOI*, 342 F.3d 1080, 1093 (9th Cir. 2003)) (explaining that early jurisdictional

11  discovery should be granted where pertinent facts bearing on the question of jurisdiction are

12  controverted or where a more satisfactory showing of those facts is necessary).

13          Plaintiffs seek to serve discovery requests on around five (5) government custodians

14  within the California Department of Education, specifically documents related to guidance,

15  training, and enforcement of AB 715, and reserve the right to conduct one (1) Rule 30(b)(6)

16  deposition if document production warrants it.  Plaintiffs propose a timetable of 45 days,

17  beginning immediately after the Case Status Conference on January 27, 2026, for serving

18  interrogatories and requests for production, to be completed by March 13, 2026.  Plaintiffs would

19  request rolling document production.  Plaintiffs agree to pursue no other discovery unless and

20  until the Court denies CDE's motion to dismiss and CDE answers.

21          **B.    CDE's Position**

22          The "Court is without jurisdiction" (ECF No. 72 at 21) because the Teacher Plaintiffs'

23  claims are not ripe and the Student Plaintiffs lack standing.  Plaintiffs claim that the discovery

24  they seek would "establish jurisdiction" (*supra*), presumably meaning ripeness and standing.  The

25  Court should not allow this discovery for the following reasons.

26          First, there is no jurisdiction and therefore there can be no discovery.  While some cases

27  allow "jurisdictional discovery," they usually do so in the unrelated context of when *personal*

28

4

1    jurisdiction in question.  But here, the Court has *held* that Plaintiffs' claims are not ripe and they

2    lack Article III standing, which deprives the court of *subject matter* jurisdiction.

3        Second, Plaintiffs' discovery would not be relevant to ripeness.  The Court held the

4    Teacher Plaintiffs' claims were not ripe because "crucial aspects of AB 715 are still in motion"

5    and identified the formation of the Office of Civil Rights and appointment of an Antisemitism

6    Prevention Coordinator.  ECF No. 72 at 10.  The discovery Plaintiffs seek, however, has nothing

7    to do with the Office of Civil Rights or the Antisemitism Coordinator.  Nor does CDE have any

8    authority over these entities.  *See* Cal. Ed. Code § 33801(a).  Indeed, to the extent Plaintiffs' case

9    is based on Education Code Section 33803.1(c), which provides that the "National Strategy to

10   Counter Antisemitism [] shall be a basis to inform the Antisemitism Prevention Coordinator on

11   how to identify, respond to, prevent, and counter antisemitism," that code section does not

12   involve CDE and the discovery does not relate to it.

13       Third, Plaintiffs' discovery would not be relevant to the Student Plaintiffs' standing.  The

14   Court held the Student Plaintiffs lacked standing because their alleged injury—that "they are

15   entitled to receive information that, with the passage of AB 715, they expect they will no longer

16   receive"—is too speculative.  ECF No. 72 at 20.  Presumably, to overcome this deficiency

17   Plaintiffs would have to identify a teacher of theirs whom AB 715 forbade to say certain things.

18   Discovery into "guidance, training, and enforcement of AB 715" by CDE is not needed for that

19   showing.  Plaintiffs must show AB 715 prevents a teacher of theirs from saying certain things, but

20   the Court held that their own subjective apprehension was insufficient.  Moreover, Plaintiffs are

21   making a "facial" challenge to AB 715 (*see* ECF No. 72), therefore the discovery into AB 715 as-

22   applied is not relevant.  Lastly, the "existence of federal jurisdiction ordinarily depends on the

23   facts *as they exist when the complaint is filed.*"  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 571, n.4

24   (1992) (emphasis in original; citation omitted).  Therefore, Plaintiffs' discovery into subsequent

25   events is not relevant to standing.

26       Fourth, CDE is not aware of anything it issued to the field regarding guidance, training or

27   enforcement related to AB 715.  Nor is CDE aware of any actions taken by it regarding guidance,

28   training or enforcement related to AB 715.

1    Accordingly, CDE proposes that all discovery be stayed until a motion to dismiss is

2    denied.

3    **IX.    CLASS ACTIONS**

4    Not applicable as this case is not a class action.

5    **X.    RELATED CASES**

6    Counsel for the parties are unaware of any related cases before another judge of this

7    Court.

8    **XI.    RELIEF**

9    Plaintiffs seek declaratory and injunctive relief, as well as attorney's fees and costs.  CDE

10    denies that Plaintiffs are entitled to any relief.

11    **XII.    SETTLEMENT AND ADR**

12    The parties agree that ADR is unlikely to be beneficial given the nature of the case, which

13    is a constitutional challenge to a state statute.

14    **XIII.    OTHER REFERENCES**

15    The Parties agree that this case is not suitable for reference to binding arbitration, a special

16    master, or the Judicial Panel on the Multidistrict Litigation.

17    **XIV.    NARROWING OF ISSUES**

18    Plaintiffs do not agree to narrowing of the issues.

19    **XV.    SCHEDULING**

20    CDE seeks an extension of time to file its motion to dismiss to January 30, 2026, to which

21    Plaintiffs consent.  Plaintiffs seek an extension of time to file their opposition to February 27,

22    2026, to which CDE consents, although Plaintiffs reserve the right to amend their Complaint by

23    February 20, 2026, instead.  CDE seeks an extension of time to file its reply brief to March 20,

24    2026, to which Plaintiffs consent.

25    The Parties agree that it would be premature to schedule anything beyond these deadlines.

26    **XVI.    TRIAL**

27    Given the possibility this case may be either resolved or narrowed by (1) CDE's motion to

28    dismiss, or (2) the parties cross motions for summary judgment, the parties agree that it is

6

1  premature to estimate the length of trial or determine whether a bench or jury trial will be sought

2  at this juncture.

3  **XVII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

4        Plaintiffs filed a Certification of Interested Entities or Persons as required by Civil Local

5  Rule 3-15 on November 4, 2025 (ECF No. 14).  As Plaintiffs stated, there is no conflict to report.

6  **XVIII. PROFESSIONAL CONDUCT**

7        The attorneys of record have reviewed the Guidelines for Professional Conduct for the

8  Northern District of California.

9  Dated: January 9, 2026           Respectfully submitted,

10                 ROB BONTA
               Attorney General of California

11                 DARRELL W. SPENCE
               Supervising Deputy Attorney General

12                       /s/

13                 ANDREW Z. EDELSTEIN

14                 Deputy Attorney General
               *Attorneys for Defendant*
Dated: January 9, 2026

15

16                 THOMAS B. HARVEY (CA Bar #287198)

17                 Law Offices of Thomas B. Harvey
               365 E. Avenida De Los Arboles, #226

18                 Thousand Oaks, CA 91360
               Telephone: (805) 768-4440

19                 Email: tbhlegal@proton.me

20                 MICHAEL BRACAMONTES (CA Bar # 242655)

21                 Bracamontes & Vlasaak
               220 Montgomery Street, Suite 2100

22                 San Francisco, CA 94104
               Telephone: (415) 835-6777

23                 Email: mbracamontes@bvlawsf.com

24                       /s/ Jenin Younes

25

26                 JENIN YOUNES
               DEYAR JAMIL (*pro hac vice*)

27                 American-Arab
               Anti-Discrimination Committee

28                   *Attorney for Plaintiffs*

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION OF FILER**

Pursuant to Civil Local Rule 5-1(i) I, Andrew Z. Edelstein, attest that each of the signatories to this filing concur in the filing's content and have authorized the filing.

Dated: January 9, 2026                                                    /s/

ANDREW Z. EDELSTEIN
Deputy Attorney General
*Attorneys for Defendant*

8

# CERTIFICATE OF SERVICE

Case Name:   **Prichett, et al. v. Newsom, et al.**        Case No.   **5:25-cv-09443-NW**

I hereby certify that on <u>January 9, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**JOINT CASE MANAGEMENT STATEMENT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>January 9, 2026</u>, at Los Angeles, California.

|  |  |
|:---:|:---:|
| M. Guerrero | */s/ M. Guerrero* |
| Declarant | Signature |

SF2025306301
68183534