UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA PRICHETT, et al., | Case No. 25-cv-09443-NW |
| Plaintiffs, | |
| v. | **NOTICE OF QUESTIONS FOR JULY 1, 2026 HEARING** |
| ROB BONTA, et al., | Re: ECF No. 91 |
| Defendants. | |

Please take notice of the following questions to be addressed at the hearing scheduled on July 1, 2026, at 9:00 a.m.  The parties should not reargue matters addressed in their briefs and shall not file written responses to this Notice of Questions.  If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to file a notice listing those authorities, with pin cites and without argument, by no later than 4:00 p.m. on Tuesday, June 30, 2026.

**I.      QUESTIONS**

1.      Have Plaintiffs alleged actual injury? In certain circumstances, chilling of free speech can constitute an injury, but the Court has already found that Government officials, including teachers, speak with the voice of the Government; and teachers are not entitled to free speech in what they say in the classroom while teaching.  Further, why isn't Plaintiffs' insistence that this goes further than classroom instruction speculative?

2.      How, if at all, does the Ninth Circuit's decision in *Northwest Ass'n of Indep. Schools v. Labrador*, 166 F.4th 1148 (9th Cir. 2026), *as amended* Feb. 12, 2026, affect this action? What holdings specifically contradict the Court's reasoning in the PI Order?

3.      Plaintiffs have expressed concern with the "complaint-driven enforcement mechanisms" enacted by AB 715.  Do Plaintiffs challenge the constitutionality of anonymous

United States District Court
Northern District of California

complaints in the anti-discrimination context in general? If not, what is it about this particular process that is unconstitutional? Why does it matter, if at all, that no student needs to be injured?

4.    In what ways specifically does the law reach beyond classroom speech? At this juncture, are Plaintiffs only contesting the application of AB 715 on non-instructional speech (e.g., in the administration of after school clubs, etc.)?

5.    Is this still a facial challenge, or is it now an as-applied challenge?

6.    Why, if at all, should the Court give weight to any of the legislative history associated with AB 715?

7.    What facts are in dispute that allegedly render the Court unable to resolve this case at the motion to dismiss stage?

8.    What is required for a student to survive an Article III standing challenge? What concrete injuries have Student Plaintiffs demonstrated?

9.    Are Student Plaintiffs' equal protection claims entitled to rational basis review or strict scrutiny? What is the basis for your answer?

10.    Is AB 715 facially neutral? Does it demonstrate discriminatory intent? Why?

**IT IS SO ORDERED.**

Dated: June 29, 2026

_____
Noël Wise
United States District Judge

United States District Court
Northern District of California

2